BOREK & DIALLO, LLC
163 Cranbury Road, Suite 200
Princeton Junction, New Jersey 08550
Claire M. Diallo, Esq., Atty ID 025042010
Attorneys for Ocean Vista Condominium
Homeowners Association, Inc.



U.S. [stamp illegible]

2019 DEC 18 P 4:35

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | CHAPTER 13 PROCEEDING |
| | : | CASE NO. 19-29471-MBK |
| JOSEPH V. FONTANA, | : | Hon. Michael B. Kaplan, U.S.B.J. |
| Debtor. | : | OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN |

### OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

Ocean Vista Condominium Homeowners Association, Inc. ("Association"), a Creditor (who had not been notified of this action), by and through its undersigned counsel, objects to confirmation of Debtor's Chapter 13 Plan, and states as follows:

1. Debtor Joseph V. Fontana ("Debtor") upon information and belief owns and resides at 1501 Ocean Avenue, Unit 12A, Belmar, New Jersey ("Unit"), which is a condominium unit located in the Association.

2. On October 15, 2019, Debtor filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code and in same, specifically references the Unit as the place where he lives and acknowledges that he owns the Unit.

3. At the time the Debtor filed his Petition, Debtor was required to pay the Association its monthly maintenance fees of $246.00 per month, and was in arrears to the Association in the amount of $6,628.23. This amount was the

balance due between the date the Debtor received a Discharge of Debtor from his Chapter 7 Bankruptcy filing and when the Debtor filed this particular Chapter 13 Bankruptcy Petition. At no time, in any of the Debtor's bankruptcy filings (the current one or the previous filings) has he named the Association as a secured creditor or even a creditor. In each situation, the Association has learned of the filing after learning that the Sheriff's Sales were cancelled. The Association is also filing a Proof of Claim contemporaneously herewith attaching the Association's recorded lien. The Association has already filed a Notice of Appearance and a copy of same was sent to the Debtor in mid-October.

4.     Debtor did not do the following: (a) list the Association as a creditor in his Schedules or Plan, (b) identify the fact that he owed the Association money; and (c) did not reference in his filing that he will pay the required post-petition monthly maintenance fees to the Association and that he can afford to do so in light of his expenses and income.

5.     Debtor is aware of his obligation to the Association and the last payments made to the Association were posted on the account on February 1, 2019. The Debtor, however, failed to include that post petition obligation in his bankruptcy papers again.

6.     Pursuant to 11 U.S.C. § 523(a)(16), the Debtor has an obligation to pay post-petition maintenance fees to the Association and account for the same in his Plan. The amount of the required monthly fees are $246.00 and must be considered when determining if the Debtor can meet his post-petition obligations as well as his other obligations under the Plan.

7.      Based on the failure of this Debtor to name the Association as a creditor, provide notice to the Association of the filing, to include payment of post-petition maintenance fees to the Association as one of his monthly expenses that must be considered in order to determine if the proposed plan is viable, Debtor's modified Chapter 13 Plan should be denied.

8.      In addition, the failure to name the Association and include the debt owed to the Association in the Plan or provide for payment of the post-petition maintenance fees are indicative that the Plan was not in good faith and should be rejected pursuant to 11 U.S.C. §1325(a)(3). Moreover, the filing of the petition to seemingly to stop a Sheriff's sale on a condominium unit located within the Association's property, without naming the Association at all, is indicative of a lack of good faith in filing the petition pursuant to 11 U.S.C. §1325(a)(7). *See, e.g., In re Woodhouse*, 27 B.R. 60 (Bankr. S.D. Fla. 1983) (denying Chapter 13 Plan that did not comply with requirements of 11 U.S.C. §1325(a)(3), (5), (6) where bankruptcy was prompted by pending foreclosure of IRS lien); *In re Felts*, 60 B.R. 736 (Bankr. W.D. Ky. 1986) (dismissing debtor's second bankruptcy case for bad faith filing where it was repeatedly filed to forestall foreclosure action and no payments had been made under plan).

9.      The Association therefore objects to the Debtor's Plan as it is not feasible and does not compensate the Association as required, which pays to maintain the common elements, adding value and comprising a part of Debtor's unit.

WHEREFORE the Association respectfully requests this Court sustain the objections stated herein and deny confirmation of Debtor's Plan, and for such other and further relief as the Court may deem just and proper.

By: _____

Claire M. Diallo, Esq.
BOREK & DIALLO, LLC
163 Cranbury Road, Suite 200
Princeton Junction, NJ 08550
Telephone number: 609.642.2633
NJ Bar Number: 025042010
Email: cdiallo@kbblawoffice.com